UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN RE:                                                    DOCKET NO. 6:08-MC-0044

PRESTON G. DEMOUCHETTE, JR., aka
PRESTON G. DEMOUCHET, JR. , aka
PRESTON GEORGE DEMOUCHET, JR.
La. DOC #90331

<u>ORDER</u>

On November 10, 2008, Preston G. Demouchette, Jr., aka Preston G. Demouchet, Jr., aka

Preston George Demouchet, Jr.,  Louisiana Prisoner Number 90331, filed a letter/pleading

entitled "Complaint for Jurisdictional Violations of Rights By U.S. District Court's Clerk of

Court for Lafayette Division."  Therein he complained of the Clerk of Court's refusal "... to file,

docket, give notice of same to plaintiff pursuant to 28 U.S.C. Section 751(a) and 756..." In

attachments to this letter/pleading, Demouchette complained  that he is falsely imprisoned as a

result of the 99-year hard labor sentence imposed following his 1976 armed robbery conviction

in Louisiana's Sixteenth Judicial District Court.

Demouchette has previously been sanctioned by the Court for the numerous successive,

frivolous,  and vexatious *habeas corpus* petitions and other *pro se* pleadings he has filed. See

*Preston G. Demouchet, Jr. v. Burl Cain*, *Warden*, No. 6:01-cv-00931 at rec. docs. 4 and 6[1]; also

*Demouchet v. Cain*, No. 6:06-mc-0059 at rec. doc. 1.[2]  The instant pleading faults the Clerk of

---

[1] In this matter, the Court dismissed Demouchette's successive *habeas* petition and imposed a sanction requiring Demouchette to "... obtain prior judicial approval for all future *pro se* filings."

[2] In this matter, the Court noted, "Notwithstanding the sanction order, on October 16, 2006 petitioner submitted yet another *pro se habeas corpus* petition attacking the validity of his 1976 armed robbery conviction in the Sixteenth Judicial District. Petitioner did not seek judicial approval before filing his petition."

2

Court for enforcing the Court's sanction orders, and, in addition appears to be another successive

and vexatious collateral attack on the conviction which has resulted in Demouchette's current

incarceration.  He has not complied with the previous Sanction Orders, his current pleading is

frivolous, and therefore,

**IT IS ORDERED THAT**

(1) To the extent that Demouchette seeks permission to file this "Complaint for

Jurisdictional Violations of Rights...", such permission is  **DENIED;** and,

(2) Demouchette  is sanctioned the additional sum of $500 (Five Hundred Dollars) and

**BARRED** from filing **ANY** pleadings in this Court until said sanction is paid; and,

(3) All prior sanction orders shall remain in force so that Demouchette must obtain prior

---

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') limits the circumstances under which a state prisoner may file successive petitions for habeas corpus relief. See AEDPA, Pub.L. 104-132, 110 Stat. 1214 (1996).

"The Fifth Circuit has not issued an order authorizing this court to consider this successive application for *habeas* relief. Petitioner cannot circumvent the AEDPA by filing this action in this court. Further, the petitioner has ignored the order of July 12, 2001 which directed him to '...obtain prior judicial approval for all future pro se filings...'

"A federal court has the authority 'to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority.' *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). A federal court may levy sanctions in response to abusive litigation practices. Id. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. See Fed.R.Civ.P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Sanctions available to the court include monetary penalties and restrictions on the ability to file *in forma pauperis* without leave of court.

"Petitioner has been forewarned that his ability to file successive habeas corpus petitions would be curtailed should he continue to file such pleadings in this court. [See *Demouchet v. Warden*, 6:00-cv-1782 at docs. 4 and 6.] He failed to heed this warning an as a result he was ordered to seek prior judicial approval for subsequent filings. [*Demouchet v. Warden*, 6:01-cv-0931 at docs. 4 and 6] His contumacious failure to abide by the explicit orders of this court warrants the imposition of additional sanctions.:

Thereafter, the Court dismissed the successive petition with prejudice, imposed a sanction of $100 and barred Demouchette "... from filing any *habeas corpus* petitions in this court, either under 28 U.S.C. §2241 or 28 U.S.C. §2254 until this sanction is paid..." and ordered that the previous sanction requiring "... prior judicial approval for all future *pro se* filings..." remain in force.   [6:06-mc-00059 at rec. doc. 1]

3

judicial approval for **ANY AND ALL** future *pro se* filings; and,

(4) Any future filings of any nature whatsoever be accompanied by a receipt from the

Clerk of Court showing payment of **ALL**  previously imposed sanctions, including the additional

sanction imposed herein today.

Thus done and signed this 8th day of January, 2010 at Lafayette, Louisiana.


_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE